THOMAS WEBB, appellant *v.* GEORGE W. STURTEVANT, appellee.

|  2  181|
|152  207|

*Appeal from Cook.*

In actions of *trespass quare clausum fregit*, the law is well settled, that possession of the close is sufficient to sustain the action against any person who shall enter upon that possession, except the owner.

The possession, where that alone is relied on, must be an actual and not a constructive possession.

The mere entry upon a tract of land without any color of title, and enclosing a small part of it, does not, of itself, constitute an actual possession of any more land than is enclosed.

THIS cause was tried at the May term, 1835, of the Cook Circuit Court, before the Hon. Sidney Breese and a jury. A verdict was rendered for the plaintiff below for $56. Judgment was rendered on this verdict, and an appeal taken to this Court.

The bill of exceptions is as follows:

Be it remembered that on the trial of this cause, at the May term of the Cook Circuit Court, the defendant, by his counsel, moved the Court to instruct the jury as follows:

1. That if the jury shall believe from the evidence, that the land on which the supposed trespasses were committed, at the time was the land of the United States or of the state of Illinois, and that the United States and this State were in possession of said lands at the time of the plaintiff's entry thereon, that such entry of the plaintiff, did not dispossess the United States or this State, only so far as the plaintiff's actual close, and no further, and in such case the law is for the defendant.

2. That if the jury shall believe from the evidence, that the plaintiff, at the time of the committing of the supposed trespasses, was not in the *actual* and *exclusive* possession of the land on which the supposed trespasses were committed by the defendant, then the law is with the defendant.

3. That if the jury shall believe from the evidence, that the land on which the supposed trespasses were committed, and at the time, in the possession of the United States or of this State, or any person other than the plaintiff, then they ought to find for the defendant.

4. That if the jury shall be satisfied from the evidence, that the plaintiff had no property or interest in the timber and soil, or either, on which the supposed trespasses were committed, at the time, then the plaintiff cannot recover of the defendant.

5. That if the jury shall be of opinion from the evidence, that at the time of the committing of the supposed trespasses, the

P

plaintiff was but a mere squatter upon the land, without any title thereto, either in law or equity, and that said land was the property of the United States or of this State, and also that the supposed trespasses were not committed within the plaintiff's actual enclosure, then the law is for the defendant.

6. That if the jury shall believe from the evidence, that the land was, at the time of the committing of the supposed trespasses, the uninclosed land of the United States and of this State, and in possession of the United States, and not in the actual possession of the plaintiff, then the law is for the defendant.

7. That if the jury shall be of opinion from the evidence, that the plaintiff entered on the land, claiming it as the property of the United States, and not claiming or setting up title to the land adversely from that of the United States, and the supposed trespasses were not committed within the actual improvement of the plaintiff, then the law is with the defendant.

8. That if the jury shall believe from the evidence, that the plaintiff is entitled to recover at all, they are to confine their enquiry to the injury done to the actual possession of the plaintiff, and not to the value of the timber or trees carried away.

The fifth and seventh instructions the Court refused to give, but gave the others, the eighth with this qualification, that the jury must confine their enquiry to the injury done to the actual possession, and that the value of the timber was a criterion by which to estimate that injury, and instructed the jury that " where the claim, settlement, and actual possession concur and are made *bona fide*, and continued to the extent of 160 acres or other lower legal subdivision of the public lands, the action of trespass can be maintained against any one, other than the real owner, who shall unlawfully enter upon such subdivision, doing damage thereon by cutting down timber, against the will of the actual occupant, and disturbing him in his possession; and that the right to such action is not confined to an injury to the actual inclosure." To which said several opinions of the Court in refusing to give said fifth and seventh instructions, and the eighth instruction as qualified, and in giving the said last mentioned instruction, the said defendant by his counsel excepts, and prays the Court to sign and seal this his bill of exceptions, and make the same a part of the record, which is done.

SYDNEY BREESE, [L.S.]

All of the opinions of the Court which were excepted to, are assigned for error.

B. S. MORRIS and JAMES GRANT, for the appellant.

G. SPRING and E. PECK, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *trespass quare clausum fregit*, brought in the Cook Circuit Court, by Sturtevant against Webb, for breaking and entering the close of Sturtevant, and felling and carrying away the timber growing thereon. To the declaration filed in the cause, the defendant below pleaded not guilty. On the trial in the Circuit Court, the defendant below asked the Court, among other things, to instruct the jury, as follows, to wit, "That if the jury shall be of opinion from the evidence, that at the time of the committing of the supposed trespasses, the plaintiff was a mere squatter on the land, without any title thereto, either in law or equity, and that said land was the property of the United States or of this State, and also that the supposed trespasses were not committed within the plaintiff's actual enclosure, then the law is for the defendant," which instruction the Circuit Court refused to give. This refusal is assigned for error, and the question presented, is, whether the instruction ought to have been given. In actions of trespass *quare clausum fregit*, the law is well settled, that possession of the close is sufficient to sustain the action against any person who shall enter upon that possession, except the owner. The possession, where that alone is relied on, must, however, be an actual and not a constructive possession. The mere entry upon a tract of land without any color of title, and enclosing a small part of it, does not, of itself, constitute an actual possession of any more land than is enclosed. A contrary doctrine would lead to great uncertainty. It could with as much propriety be contended, that the actual possession of a part of a tract of land drew to it the possession of a whole section containing 640 acres, as that such actual possession drew after it the possession of 160 acres, or any other legal subdivision of a lot. This would be manifestly unreasonable. The reason that the law protects the mere possession of land, where the possessor is a squatter, is to preserve the public peace; and such protection is not intended as an encouragement to squatters, and ought not, therefore, to be extended any further than is necessary to attain the desired object.

From this view of the law, and the reason upon which it is founded, the Court below ought to have given the instructions asked for by the defendant below. For this error, without enquiring into the other errors that have been assigned, the judgment must be reversed with costs.

*Judgment reversed.*

*Note.* See Lovett *et al. v.* Noble. *Post.*

Since the decision of this case the following acts have been passed by the General Assembly:

AN ACT to define the extent of possession in cases of settlement on the public lands.

SEC. 1. *Be it enacted by the People of the State of Illinois, represented in the*

*General Assembly,* That hereafter in all actions of trespass *quare quasum fregit,* trespass, and ejectment, and forcible entry and detainer, as well as forcible detainer only, where any person or persons may be settled on any of the public lands in this State, when the same have not been sold by the general government, his, her, or their possession shall, in the absence of paper title, be considered on the trial as extending to the number of acres embraced by the claim of such person or persons, according to the custom of the neighborhood in which such lands may be situated : *Provided,* That such claim shall not exceed in the whole three hundred and twenty acres : *Provided further,* That where the lands have been surveyed, such claim shall not exceed one hundred and sixty acres, and be ascertained by land marks so plainly made that the same may be designated from the other lands contiguous thereto in the same neighborhood of country : *And provided further,* That such claim shall not be plead or set up in bar of any action, at any time commenced or to be commenced, by a bona fide purchaser or purchasers of such lands from the United States, or persons entitled to a right of pre-emption on the same, under any act of Congress now in force, or hereafter to be in force.

This act to take effect from its passage.

APPROVED 27th February, 1837.

Acts of 1836–7, 154; Gale's Stat. 436.

AN ACT supplemental to the act entitled " An act to define the extent of possession in cases of settlement on the public lands," approved February 27, 1837.

SEC. 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That the said act to which this is supplemental shall be construed to mean, and to give to the claimant, the legal possession (for the purposes mentioned in said act) of three hundred and twenty acres (if the custom of the neighborhood extends to that number) of unsurveyed lands, or one hundred and sixty acres of surveyed lands, whether the same be in one or more separate parcels, and that the claimant shall reside on or near the same; and that the claim of unsurveyed lands be so plainly marked that it can be designated from the adjacent lands.

APPROVED February 16, 1839.

Acts of 1838–9, 124.